**HEAGNEY v. BROOKLYN EASTERN DISTRICT TERMINAL.**
**Civ. A. No. 9904.**

United States District Court
E. D. New York.
July 11, 1950.

Rehearing Denied July 31, 1950.

---

I. No opinion for publication.

---

Thomas P. Curtin, New York City, for defendant, for motion (Robert E. Curran, New York City, of counsel).

Carlton A. Walls, New York City, for plaintiff, opposed.

BYERS, District Judge.

This is a defendant's motion for summary judgment in a personal injury case in which the complaint alleges that the defendant's liability to him arises under the Federal Employers' Liability Act, and the Boiler Inspection and Safety Appliance Acts, 45 U.S.C.A. §§ 51 et seq., 22 et seq., 1 et seq.

It clearly appears that the accident occurred on January 21, 1947, when the plaintiff was performing the duties of a hostler on a locomotive of the defendant in its Kent Avenue yard in Brooklyn.

Also that the plaintiff promptly made claim for compensation under the New York State Workmen's Compensation Law, Consol. Laws, c. 67, and his claim being allowed, he continued to collect payments under the award until the total of $2,296.57 had been received, plus $432.45 medical and hospital expenses, or $2,729.02 in all. The payments commenced in February, 1947, and continued until some time in January, 1949, when he withdrew his claim "without prejudice", which perhaps was meant to forecast a resubmission, depending upon the outcome of this litigation.

The complaint was filed April 19, 1949, and the answer on May 13, 1949.

The matters embraced in this motion are pleaded in Third and Fourth complete and affirmative defenses, namely:

As to the Third, that plaintiff agreed to accept the compensation benefits from the defendant in lieu of any other right, and is thus estopped to maintain this action; and that defendant stands ready to make any and all further payments required of it pursuant to the said law.

As to the Fourth, that in applying for the said compensation plaintiff agreed to accept, and defendant agreed to pay the statutory benefits in full accord and satisfaction of the claim asserted in this complaint.

The affidavits pro and con present no disputed issues of fact. From them the following salient matters appear:

A. On February 17, 1947, the plaintiff signed a paper which he understood would enable him to receive workmen's compensation without having to appear before the Board. It contained these words: "I have no intention of suing my employer but going to take voluntary compensation." This was given to an investigator acting for the defendant, at a time when the plaintiff was still suffering pain from his injuries.

B. Plaintiff appeared before the Referee acting for the Compensation Board on May 14, 1947, without a lawyer.

The record shows that the Referee said: "It's a question of jurisdiction." To which the carrier replied: "No, we waive that, we are paying the man at $28.00", which statement the plaintiff confirmed. Finally the Referee said: "Accident, notice and causal relationship established as to a head and back injury. Continued for a C-8."

The reference to the jurisdictional question had to do with the possible interstate business of the defendant, which if present as to plaintiff's injury would relieve the carrier except as to a possible intrastate component, as will be seen.

It would be exacting too much of the plaintiff to attribute to him, at that time, an understanding of the subject, and hence a knowledge that could support a waiver of his right to assert his claim in a lawsuit. Cf. Wyatt v. New York, O. & W. R. Co., 2 Cir., 45 F.2d 705, at page 707 et seq.

C. On September 29, 1947, the plaintiff retained the lawyer who filed this complaint, and who also appeared for him before the Compensation Board Referee at several hearings from and after October 9, 1947, in connection with contested matters respecting the rate of compensation payable to plaintiff; on June 17, 1948, he requested and was awarded a fee as the then claimant's attorney.

The attorney does not deny his examination of the entire file in connection with his representation of his client before the Compensation Board.

The conclusion is not to be resisted that from the time of his retainer until the withdrawal of the claim "without prejudice", the attorney knew that the question of jurisdiction of the Compensation Board had been present from the outset of the proceeding, and that the carrier having waived the right to resist liability on the interstate aspect of the matter, his client could not continue to accept compensation pursuant to the award, without being held to have brought himself within Section 113 of the Workmen's Compensation Law, reading as follows:

"§ 113. Interstate commerce

"The provisions of this chapter shall apply to employers and employees engaged in intrastate, and also interstate or foreign commerce, for whom a rule of liability or method of compensation has been or may be established by the congress of the United States, only to the extent that their mutual connection with intrastate work may and shall be clearly separable and distinguishable from interstate or foreign commerce, provided that awards according to the provisions of this chapter may be made by the board in respect of injuries subject to the admiralty or other federal laws in case the claimant, the employer and the insurance carrier waive their admiralty or interstate commerce rights and remedies, and the state insurance fund or other insurance carrier may assume liability for the payment of such awards under this chapter."

The conduct of Heagney, acting under the guidance of a lawyer from September 29, 1927, to the withdrawal "without prejudice" in January, 1949, which involved the receipt of compensation awards during all of that time, cannot be construed as falling short of a waiver of his possible "interstate commerce rights and remedies", if plain language is to be respected.

The voluminous papers on the motion, as has been said, do not disclose any contested question of fact as to the matters herein discussed, argument being confined to the legal effect to be attributed to the plaintiff's dealings with the Workmen's Compensation Board, and the defendant's performance of its statutory duties so set in motion by the voluntary action of the plaintiff in seeking compensation in preference to incurring the possible hazards of litigation.

The issue is one of law, appropriate, as I believe, for disposition in such a motion. The taking of testimony could not possibly add anything to the record as now made, and nothing therefore is to be gained by deferring a decision on so plain and undisputed a state of facts.

Defendant's motion for summary judgment granted. Settle order.

## On Motion for Reargument

The decision of July 11, 1950, is the subject of a motion for reargument, etc., apparently upon the ground that the Court misunderstood the facts as to (a) the familiarity of the plaintiff's attorney, and therefore of the plaintiff, with the presence of the jurisdictional question confronting the State Compensation Board in dealing with his claim, and (b) the time during which payments of compensation continued. As to the latter the point is well taken, for the payments were not collected after June of 1948 instead of January of 1949, and the opinion is hereby amended in that respect.

It may be appropriate to state that for present purposes the change is unimportant. The fact is that plaintiff was represented by his present attorney before the Compensation Board for the entire period stated in the said opinion, who made some examination of the file to an extent that he now minimizes, and it is in that connection that it is urged that there is an issue of fact as to the waiver prescribed in Section 113 of the New York State Workmen's Compensation Law.

The earlier decision was based upon the assumptions for the purpose of decision only, that (a) the plaintiff could establish by competent proof, at the trial, that he was engaged in interstate commerce when he was injured, and (b) that he was not initially aware that he could not receive payments under the state compensation statute. without waiving his right to bring suit under the Federal Employers' Compensation Law.

It was decided, in view of his later retention of an attorney in September of 1947, and the services rendered to him by the latter as disclosed in the papers considered on the motion for summary judgment, that the waiver prescribed by the terms of the said statute must be held to have become operative as the result of the plaintiff's subsequent receipt and acceptance of compensation payments by his employer's carrier which were required to be made pursuant to the original claim, and without regard to questions of legal liability.

In other words, it was felt that, while it is not a legal maxim that a man cannot eat his cake and have it too, the applicable legal principles are not very wide of that concept.

If this view is clearly erroneous, correction need not be long delayed.

Motion for reargument denied.